## MEULY BROTHERS V. E. CORKILL.

### No. 2762.

**1. Pleading.**—A petition in an action on a contract that sets out the contract, a performance of its terms by the plaintiff, and a breach by defendant, is sufficient.

**2. Contract.**—The owner of a pasture who receives cattle therein for a stipulated time, at a sum agreed on, is not liable for loss resulting from poor pasturage or want of water, when the owner of the cattle has reserved the right as a part of the contract to remove the cattle whenever they might be liable to loss from defective supply of either grass or water, and when the condition of the pasture at the time of the contract is known to both contracting parties.

APPEAL from Nueces. Tried below before Hon. J. C. Russell.
The opinion states the case.

*G. R. Scott & Bro.*, for appellants. — 1. No precise words are necessary to constitute or engraft a condition on a contract, and it is equally true that no formal words will constitute a condition when from the whole instrument it is obvious that such was not the intention of the contracting parties. If a covenant in a mutual contract is in its nature an entirety, and not separable, and relates to the whole of the consideration, and is to be entirely complied with, and the understandings thereunder assumed are to be carried out in full before the consideration or any part thereof is due or can be demanded in whole or in part, such covenant is a condition, and renders the contract a conditional one. When the liability of the defendant is, from the meaning of the contract, made dependent on the performance by the plaintiff of a condition precedent or covenant entire in its nature embraced in the contract, the plaintiff, before he can recover, must allege and prove the complete performance by him of such condition or covenant. The covenant on the part of the appellee in the contract herein sued on is "to pasture for the parties of the second part about 2000 head of cattle at the rate of twelve and one-half cents per month for a time not longer than eight months, and give all possible pro-

tection for the safety and benefit of said cattle." Evans v. Bell, 45 Texas, 553; Rowlett v. Lane, 43 Texas, 274: Bason v. Hughart, 2 Texas, 476; Jackson v. Marshall, 6 Texas, 328; Salinas v. Wright, 11 Texas, 572; Van Norman v. Wheeler, 13 Texas, 319; 2 Pars. on Con., 656, 657.

2.   When the subject matter of a contract is an act or undertaking which, either from its nature or the meaning of the contract, does not admit of a partial performance, or to a part performance of which the consideration to be paid can not be apportioned, such a contract is entire. If in an entire contract the party on whom rests the performance of the thing to be done seeks to recover of the other contracting party the consideration therein mentioned, and which the latter party in said contract bound himself to pay, the former party can not recover of the latter the agreed consideration, or any part thereof, until he shows a complete performance by himself of the thing to be done, and he is not entitled to any part or portion of the consideration if the thing to be done is only partially performed. 2 Pars. on Con., 7 ed., pp. 648–53; 3 Am. and Eng. Enc. of Law, p. 916; Ins. Co. v. Garmany, 74 Ga., 51; Lumber Co. v. Purdum, 41 Ohio, 373; Archer v. McDonald, 36 Hun, 194; Simonds v. Pearce, 31 Fed. Rep., 137; Barrie v. Earle, 143 Mass., 1.

3.   Where the thing to be done and the consideration to be paid are fixed and made certain by the contract, such a contract can not be apportioned; but where the act to be performed is divisible into several parts, to the performance of each of which the consideration is apportioned by the express words of the contract, or can be so apportioned by implication of law, such contract is separable, and the plaintiff can recover a *quantum meruit* for a partial performance of the contract. Pars. on Con., 648, 651–53.

*Wells, Stayton & Kleberg* and *J. O. Luby*, for appellee. — 1. In an action upon a written instrument it is the duty of the court to construe such instrument in his charge to the jury, and it is not error if the court gives to the jury a construction consistent with the terms of the instrument and the manifest intention of the parties, leaving them to determine questions of fact arising under such construction.

2.   If a contract to be performed by one party consists of several distinct items, and the price to be paid by the other is apportioned to each item or is left to be implied by law, it is severable. 3 Am. and Eng. Enc. of Law, p. 916; 2 Pars. on Con., 664; 66 Pa. St., 351; 82 Pa. St., 231.

HENRY, ASSOCIATE JUSTICE.—Appellee brought this suit to recover from appellants money due him for pasturing cattle in pursuance of the following agreement:

"This agreement, entered into by and between E. Corkill, party of the

first part, and Meuly Brothers, parties of the second part, to this effect:

"The said E. Corkill, party of the first part, agrees to pasture for the parties of the second part about 2000 head of cattle at the rate of 12½ cents per month, for a term not longer than eight months, and give all possible protection for the safety and benefit of said cattle.

"The said parties of the second part agree to pasture about 2000 head of cattle with the said party of the first part and pay for the same at the rate of 12½ cents per head per month, to commence from the time said cattle are put on the range, calculated to be within the next twenty days; reserving the right to move said cattle at any time that they may be liable to loss for lack of grass or water, and paying at the above rate for the time expired.

"Witness our signatures at Realitos, Texas, this 24th day of August, 1886.

"E. CORKILL,
"MEULY BROTHERS."

The plaintiff set out the agreement and alleged that defendants at dates named placed upon his range specified numbers of cattle, which were pastured by him as he had contracted to do until the 8th day of March, 1887, for which he prayed judgment according to the contract price, with interest from the last named date.

The defendants demurred generally and specially, and pleaded in re-convention that plaintiff did not comply with the terms of his contract and furnish their cattle with sufficient grass and water, by reason of which a specified number of them, of a specified value, died from starvation, and the remainder became poor and unfit for market, whereby they were damaged a specified sum, for which, and for defendants being compelled to be at an increased expense in removing their cattle from the pasture before they were prepared to do so, and for plaintiff's willful and malicious misconduct in not furnishing sufficient pasturage, they pray judgment for damages.

We think the exceptions were properly overruled.

Other assignments of error relate to charges given and refused.

The evidence as to the supply of grass and water in the pasture was conflicting, and the errors complained of with regard to the charges relate to that issue. The evidence shows that defendants became dissatisfied with the pasture and the condition of their cattle in the latter part of February, 1887, and promptly withdrew the cattle from the pasture.

Plaintiff received all of the cattle offered by defendants.

No question is made about the sufficiency of the area of the pasture or as to the want of protection furnished the cattle, or to anything except as to the convenience and quantity of the supply of water and grass.

We think it clear that plaintiff did not bind himself to furnish pasture for the cattle for the full period of eight months, or any longer than he

in fact did furnish it. There is nothing in the record to indicate that the situation and condition of the pasture were not open to the observation of defendants, or not known to them in all respects when they made the contract. The evidence shows that the pasture, all the time that it was occupied by defendants' cattle, contained both grass and water. The contract did not make plaintiff responsible for the continuance of the supply of either, but on the contrary defendants expressly reserved to themselves the right of determining as to these things, and of protecting themselves from such loss by withdrawing their cattle at any time. They as expressly agreed that when they did exercise their right of withdrawing their cattle they would pay the stipulated price for the time they permitted them to remain in the pasture.

The agreement seems to have been carried out in all respects, except that when defendants withdrew the cattle they failed to pay for their pasturage.

The jury returned a verdict in favor of plaintiff, on which judgment was rendered, including an excess of interest. This error was called to the attention of the court during the term, and a remittitur of the excess in interest having been filed, the judgment was reformed and corrected.

We find no error in the proceedings, and the judgment is affirmed.

*Affirmed.*

Delivered January 17, 1890.

Chief Justice Stayton not sitting.